```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
DEON WATERMAN,                          :
                         Petitioner,    :
                                        :          10 Civ. 2276 (DLC)
              -v-                       :
                                        :          OPINION AND ORDER
WILLIAM LEE, Superintendent,            :
                                        :
                         Respondent.    :
--------------------------------------- X
```

APPEARANCES:

For Pro Se Petitioner:
Deon Waterman
06-A-4481
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

For Respondent:
Matthew Cory Williams
New York County District Attorney's Office
1 Hogan Place
New York, NY 10013

DENISE COTE, District Judge:

On December 29, 2010, the Honorable Ronald L. Ellis recommended that the petition for a writ of habeas corpus, filed on March 15, 2010 pursuant to 28 U.S.C. § 2254 by Deon Waterman ("Waterman"), be denied ("Report"). Waterman has not filed any objections to the Report. The Report is adopted for the reasons explained below.

BACKGROUND

Following two jury trials, Waterman was found guilty of one count of murder in the second degree, one count of criminal

possession of a weapon in the second degree, and one count of criminal possession of a weapon in the third degree.  He was sentenced to twenty-two and one-half years to life on the murder count, and to determinate terms of ten and seven years on the weapons counts, all to run concurrently.

The evidence at trial established that on April 27, 2005, Donnell Sellers ("Sellers") heard a loud noise while he and Vernon Dyer ("Dyer") were parking their car on 156th Street and Amsterdam.  Sellers noticed Waterman standing near the car and then realized that Dyer had been shot.  Sellers saw Waterman put something in his waistband and run away.  Later that evening, after learning that Dyer had died, Sellers told a detective that the man who shot Dyer was named Deon.  Sellers also told the detective that while he did not know the shooter's last name, he had seen him around 500 West 159th Street and that he lived with a light-skinned older woman.  After further investigation, the detective identified Elaine Bartlett ("Bartlett"), a woman who lived at 500 West 159th Street and had written an autobiographical book referring to someone named Deon.  Bartlett told the detective that her husband's name was Deon Waterman.

On June 12, 2005, Bartlett asked Cerene Brown ("Brown") whether her husband, who was wanted for murder, could hide at Brown's house.  Subsequently, Bartlett brought Waterman to Brown's house where Waterman told Brown that he had committed

2

the murder for which he was being sought.  Over the next few days, Brown called the TIPS hotline, 311, and 911 to report that a murder suspect was hiding in her house.  Eventually, the police came to Brown's apartment and arrested Waterman.

On April 7, 2006, a Rodriguez hearing was held to determine whether Sellers had sufficient familiarity with Waterman that his identification of Waterman through a single photograph was "confirmatory," as required by New York law.  See People v. Rodriguez, 79 N.Y.2d 445 (1992).  At the hearing, the only testimony was from the detective who had interviewed Sellers and located Bartlett.  The hearing judge, however, determined that the detective's testimony was credible and that Sellers had sufficient familiarity with Waterman that any motion to preclude the identification should be denied.

At Waterman's first trial in 2006, his attorney contested the introduction of a recording of a 911 call in which Brown told the operator that the person staying at her house was "on the run from the police for a murder."  The trial judge initially held that the tape was only admissible for the purpose of explaining Brown's conduct and that the prosecution had to redact the words "for a murder."  The judge later found that the redaction was unnecessary since a significant amount of evidence had already been introduced relating to Waterman's being wanted for murder.  Waterman's attorney agreed.

After Waterman's first trial ended with a hung jury, a second trial began in June 2006.  At the second trial, the prosecution introduced testimony from Brown, Sellers, and law enforcement officers who investigated the case.  The recording of Brown's 911 call was played for the jury without any defense objection.

On November 18, 2008, the Appellate Division, First Department rejected the two grounds raised by Waterman on appeal:  (1) that Sellers's identification of Waterman should have been precluded because the prosecution failed to meet its burden at the Rodriguez hearing; (2) that several hearsay statements, including the recording of Brown's 911 call, had wrongfully been admitted into evidence.  People v. Waterman, 868 N.Y.S.2d 22, 22 (App. Div. 1st Dept. 2008).  Specifically, the court held that the Rodriguez hearing ruling was proper and that Waterman's hearsay objections were either unpreserved or affirmatively waived.  Id.  The New York Court of Appeals denied leave to appeal on February 18, 2009.  People v. Waterman, 876 N.Y.S.2d 714 (2009).  Waterman did not challenge his conviction in any state court collateral proceedings.

DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To accept those

4

portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003).

As the Report explains, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat.1214, provides that federal courts may not grant a petition for habeas corpus unless a petitioner has exhausted all state judicial remedies.  28 U.S.C. § 2254(b)(1)(A).  Additionally, even if a petitioner has exhausted state judicial remedies, habeas review is precluded if the state court expressly declines to address the petitioner's federal claims because the petitioner failed to meet state procedural requirements.  See Carvajal v. Artus, No. 09-0826-pr, 2011 WL 206181, at *11 n.6 (2d Cir. Jan. 25, 2011) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)).

In his petition for a writ of habeas corpus, Waterman challenges his conviction on the following grounds: (1) his trial counsel and appellate counsel were ineffective; (2) the prosecution misused evidence of a prior uncharged crime; (3) his conviction relied on improperly admitted hearsay evidence; and, (4) his conviction relied on inconsistent testimony.  All of these claims must be dismissed.

5

The Report recommends that Waterman's claims for ineffective assistance of counsel be dismissed since Waterman failed to raise these claims before any New York Court.  The petitioner did not object to this conclusion and, as it is not clearly erroneous, the Report's recommendation that the claims be dismissed for failure to exhaust state judicial remedies is adopted.

Waterman's remaining claims must be dismissed as procedurally barred.  The Appellate Division ruled that Waterman had either failed to preserve or affirmatively waived his hearsay claims.  As the Report explains, failure to preserve an objection at the trial level has been found to create an independent and adequate state ground, precluding federal habeas review.  Similarly, Waterman failed to raise at the trial level his claims for misuse of the uncharged crime and a verdict based on inconsistent evidence.  For the reasons described in the Report, these claims are also procedurally defaulted.  <u>See also</u> <u>Carvajal</u>, 2011 WL 206181, at *6 ("If a habeas applicant fails to exhaust state remedies by failing to adequately present his federal claim to the state courts so that the state courts would deem the claim procedurally barred, we must deem the claim procedurally defaulted." (citation omitted)).

Finally, the Report concludes that with respect to his procedurally-barred claims, Waterman has not demonstrated cause,

6

prejudice, or that failure to consider these claims will result in a fundamental miscarriage of justice. There is no reason to find that this conclusion is clearly erroneous and thus it is adopted.

CONCLUSION

The March 15, 2010 petition for a writ of habeas corpus is denied. In addition, the Court declines to issue a certificate of appealability. Waterman has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The petitioner's failure to file written objections precludes appellate review. See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). The Clerk of Court shall dismiss this petition and close the case.

SO ORDERED:

Dated:   New York, New York
         March 11, 2011

                                       _____
                                              DENISE COTE
                                       United States District Judge